NUMBER 13-09-00313-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FIDEL FLORES ROJAS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza 


Memorandum Opinion by Justice Rodriguez



 Appellant Fidel Flores Rojas appeals from his conviction for the offense of unlawful
possession of a firearm by a felon. See Tex. Penal Code Ann. §§ 12.34, 46.04(a) (Vernon
Supp. 2009). On December 21, 2005, appellant pleaded guilty to the offense. Appellant
was sentenced to ten years of community supervision and assessed a $3,000 fine. On
May 1, 2009, the trial court determined that appellant had violated the terms of his
community supervision. (1) The court revoked appellant's probation and sentenced him to
ten years in the Institutional Division of the Texas Department of Criminal Justice.

 Concluding that appellant's "appeal in this case is without merit and frivolous,"
counsel filed an Anders brief in which he reviewed the merits, or lack thereof, of the
appeal. We affirm.

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that he has
"diligently searched the record . . . and [has] researched the law applicable to the facts and
issues" and in his professional opinion, "no reversible error is reflected by the record." 
After discussing the contested hearing, the punishment assessed, and applicable law,
counsel concludes that "no arguable factual or evidentiary issues are disclosed by the
record in this case which would amount to reversible error." See In re Schulman, 252
S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an Anders brief
need not specifically advance 'arguable' points of error if counsel finds none, but it must
provide record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi
2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en
banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), appellant's counsel has, thus, carefully discussed why, under controlling authority,
there are no errors in the trial court's judgment. Counsel has informed this Court that he
has: (1) forwarded a copy of the brief and his request to withdraw as counsel to appellant;
and (2) informed appellant of his right to review the record and file a pro se response. (2) 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman,
252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant
has not filed a pro se response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, this Court must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send
a copy of the opinion and judgment to appellant and to advise appellant of his right to file
a petition for discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Delivered and filed the 

11th day of March, 2010.
1. At the hearing on the State's motion to revoke, appellant pleaded "true" to one violation of the
conditions of his community supervision and "not true" to the remaining violations. After hearing testimony,
including that of appellant, the trial court found that appellant violated two other conditions of his community
supervision.
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.